2014 ND 137

**In the Matter of the Application for Reinstatement of Camille O'Kara HANN, a Person Admitted to the Bar of the State of North Dakota.**

**Camille O'Kara Hann, Petitioner**

**v.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.**

**No. 20140171.**

Supreme Court of North Dakota.

July 2, 2014.

PER CURIAM.

[¶ 1] Camille O'Kara Hann, Bar I.D. 06096, was admitted as an attorney in North Dakota on May 5, 2005. Hann was suspended for six months and one day effective September 1, 2012, for violating N.D.R. Prof. Conduct 1.5(a), 1.15(a), 1.15(c), 3.3(a)(1), 3.3(a)(3), and 8.4(c). *Disciplinary Board v. Hann*, 2012 ND 160, 819 N.W.2d 498.

[¶ 2] On January 2, 2014, Hann filed a Petition for Reinstatement with the Disciplinary Board of the Supreme Court. The matter was assigned to a hearing panel of the Disciplinary Board, and after consideration of the petition, evidence, testimony, and arguments, the hearing panel filed its findings of fact, conclusions of law, and recommendations on May 13, 2014.

[¶ 3] The hearing panel concluded Hann and has the requisite fitness and competence to practice law, that she complied with the terms and conditions of all applicable disciplinary orders and rules, that she has not engaged or attempted to engage in the unauthorized practice of law during her suspension, that alcohol or drug abuse was not a causative factor in the lawyer's misconduct, that she recognized the wrongfulness and seriousness of the conduct for which she was suspended, that she has not engaged in any professional misconduct since her suspension, and that she has the requisite honesty and integrity to practice law. The hearing panel noted that during her suspension, an additional disciplinary complaint was filed against her. At this time, Hann is unsure whether or not she will return to the practice of law.

[¶ 4] The hearing panel further concluded that further precautions should be taken to ensure that the public is protected upon Hann's return to the practice of law. Hann agreed to the following conditions: that she pay the costs of the proceedings; that a limitation on her practice of law in North Dakota to association with an experienced supervising lawyer; that she work with the Lawyer Assistance Program and set up an individualized assistance plan to

assist her with law practice management if and when she decides to return to the practice of law; that accountings be provided, and if applicable, make refunds for any unearned fees; and that she file a report every six months to the Secretary of the Disciplinary Board verifying compliance with all conditions.

[¶ 5] The Report of the Hearing Panel was submitted to the Court under N.D.R. Lawyer Discipl. 4.5, recommending that Hann be reinstated to the practice of law subject to the conditions listed in paragraph four above. Further, the Hearing Panel recommended Hann be allowed to apply to the Disciplinary Board to lift the conditions of reinstatement when evidence demonstrates they are no longer needed. No objections were filed. The Court considered the matter, and

[¶ 6] **ORDERED,** that the findings of fact, conclusions of law, and recommendations of the hearing panel filed May 13, 2014, are adopted.

[¶ 7] **IT IS FURTHER ORDERED,** that Hann be reinstated to the practice of law in the State of North Dakota and she is eligible to obtain a license, effective immediately.

[¶ 8] **IT IS FURTHER ORDERED,** that Hann pay the costs and expenses of the reinstatement proceeding in the amount of $1,748.50, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 60 days of entry of judgment.

[¶ 9] **IT IS FURTHER ORDERED,** that if Hann returns to the practice of law in North Dakota, she must comply with the following conditions:

A. Practice law in North Dakota only if associated with an experienced supervising lawyer;

B. Work with the Lawyer Assistance Program and set up an individualized assistance plan to assist her with law practice management;

C. Provide accountings, and if applicable, make refunds for any unearned fees; and

D. File a report with the Secretary of the Disciplinary Board indicating compliance with all conditions every six months with the first report being due six months after being licensed.

[¶ 10] **FURTHER ORDERED,** that Hann be allowed to apply to the Disciplinary Board to lift the conditions of reinstatement when evidence demonstrates they are no longer needed.

LAWYER REINSTATEMENT ORDERED.

[¶ 11] GERALD W. VANDE WALLE, C.J. LISA FAIR McEVERS, DANIEL J. CROTHERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.